## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EDGAR MILTON THOMPSON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>**KANSAS DEP'T OF CORR., et al.,** )<br>)<br>**Defendants.** )<br>———————————————————— ) | **No. 05-3453–CM** |

### MEMORANDUM AND ORDER

Plaintiff Thompson brought this pro se action consisting of three claims against defendants Kansas Department of Corrections ("KDOC"), and four employees of KDOC in their individual capacities. This case comes before the court on Defendants' Motion to Dismiss (Doc. 16). Other courts have already considered two of the three claims, precluding their present consideration. The remaining claim fails to allege actual injury. Consequently, defendants' motion is granted.

### I.      Background

While serving a state-court-imposed sentence, plaintiff filed state and federal habeas petitions, both of which were denied. In December 2004, plaintiff filed an action in this district requesting declaratory judgment to recompute his sentence. Judge Marten dismissed that action, noting "[t]he court concludes that it is inappropriate for plaintiff to reargue his habeas corpus action under the Declaratory Judgment Act. The doctrine of res judicata bars rehearing of plaintiff's allegations." *Thompson v. Kan. Dep't of Corr.*, No. 04-1379-JTM (D. Kan. Mar. 1, 2005).

Plaintiff filed this § 1983 action on December 2, 2005, alleging that defendants violated his constitutional rights by: (1) refusing to release him on December 11, 1999—a claimed parole date;

(2) refusing to release him on December 11, 2004—the claimed end of his sentence; and (3) denying

him access to the court.  In paragraphs labeled "Supporting Facts" for the first and second claim,

plaintiff stated "please read and review this said plaintiff's original writ of mandamus petition."

Regarding the third claim, plaintiff claims that defendants denied him access to courts by filing

motions for more time, transferring him to different prisons, revoking his parole, and requiring him

to attend parole programs.

## II.    Standard of Review

Defendants move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure for failure to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion to

dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set

of facts entitling him to relief under his theory of recovery.  *Conley v. Gibson*, 355 U.S. 41, 45–46

(1957).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as

true."  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in reviewing the sufficiency

of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer

evidence to support his claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

*grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## III.    Analysis

## A.    Release Date Claims

Defendants' motion argues that plaintiff's release date claims are barred by issue and claim

preclusion.  Under the doctrine of issue preclusion, "'[w]hen an issue of ultimate fact has once been

determined by a valid and final judgment, that issue cannot again be litigated between the same

parties in any future lawsuit.'" *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002)

(quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

> Four elements must be demonstrated in order to trigger issue preclusion: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been fully adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."

*Id.* (quotations omitted).

Here, the ultimate issue is whether claim preclusion bars this court from considering claims related to plaintiff's prior habeas actions. The effect of claim preclusion is to bar additional causes of action filed on previously-determined claims "to relitigate issues between the same parties." *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1339 (D. Kan. 2001). First, the court examines whether the first and second claims are identical to the claims presented before Judge Marten. The only supporting facts given for these claims reference plaintiff's original writ of mandamus petition. This document was also attached to plaintiff's complaint in the case before Judge Marten. In the prior and present actions, plaintiff claimed that he was not released on his conditional release date. In the prior action, plaintiff claimed that the end date for his sentence was wrongfully computed. In the present action, plaintiff claims that he was not released on the correct end date of his sentence, applying his method of computation. For this claim to succeed, the court must find that the end date of his sentence was wrongfully computed. As a result, the first and second claims are identical to claims before Judge Marten. This implies that the effect of claim preclusion is identical in both cases.

Second, the court examines whether the prior action was fully adjudicated on the merits. In the prior action, Judge Marten noted that plaintiff indicated his intent to respond to Defendant's Motion to Dismiss (Doc. 4), but did not file a response in two months. Judge Marten dismissed the

action, comparing it to *Bryan v. Mullin*, 100 F. App'x 801 (10th Cir. 2004), where that plaintiff's §

1983 action was dismissed for lack of jurisdiction because it was identical to a prior habeas action.

Judge Marten determined that plaintiff's prior claims were precluded by prior habeas actions as part

of a dismissal for lack of jurisdiction.  Such determinations are fully adjudicated on the merits.  *See*

*Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 189 F.R.D. 467, 469 (D. Kan. 1999) ("After

reviewing the case law, the Court determined that issues decided as part of a dismissal for lack of

jurisdiction are fully adjudicated on the merits.") (citations omitted).

Third, plaintiff was a party in the prior action.  Fourth, plaintiff had a full and fair

opportunity to litigate the issue in the prior action.  On January 4, 2005, plaintiff filed a notice of

service in the prior action indicating, "plaintiff/petitioner is now currently prepairing [sic] a . . .

[r]eply to the . . . motion to dismiss petition."  Judge Marten granted the motion to dismiss on March

1, 2005.  That plaintiff did not file a response does not indicate that he was denied a full and fair

opportunity to litigate the action.  *See Clemmons v. Peak*, No. 94-3160-KHV, 1999 WL 450889, at

*4 (D. Kan. Apr. 14, 1999) ("[P]laintiff still had a full and fair opportunity to litigate the issue; he

simply failed to take advantage of the opportunity.").

Although plaintiff claims that defendants "deceptively" deprived him of access to the courts

"in violation of the U.S. Constitution," these statements are conclusory.  Significantly, plaintiff's

response to the present motion included "documented evidence serving as the proof of injury,

pertinent to the denial of access to the Courts of Law."  Plaintiff submitted over one hundred pages

of exhibits.  None of these documents related to plaintiff's failure to respond to the motion to

dismiss in Judge Marten's case.  Plaintiff does not discuss any specific efforts he made to respond to

that motion that defendants prevented.  Moreover, plaintiff acknowledges that his denial of access to

courts ended on March 11, 2005, only ten days after Judge Marten granted the motion to dismiss.

Even though his claimed denial of access had ended, Plaintiff did not appeal the March 1 order. This court is not an appellate court for other district courts. Plaintiff did not file a motion to reconsider. Plaintiff did not file a "notice of service" explaining his failure to respond. It appears that plaintiff failed to take advantage of his opportunity to litigate whether the doctrine of res judicata barred his claims.

Because the question of whether res judicata bars plaintiff's claims that are related to the calculation of his sentence has been determined by a valid and final judgment, it is inappropriate for this court to revisit that question.

**B.      Access to Courts**

Plaintiff claims that defendants violated his First and Fourteenth Amendment rights by denying him access to courts. Defendants argue that this claim fails to allege that plaintiff suffered any injury from these alleged actions.

Courts recognize a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To allege a violation of this right, a plaintiff must allege an actual injury. *Williams v. Roberts*, No. 04-3043-JAR, 2005 WL 627965, at *3 (D. Kan. Mar. 11, 2005). To allege an actual injury, plaintiff must plead that the denial of court access hindered efforts to pursue a particular case. *See Lewis v. Casey*, 518 U.S. 343, 351–52 (1996); *Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978).

Here, plaintiff's statements are conclusory and omit any allegation of specific hindrance. Plaintiff's complaint alleges that defendants acted unconstitutionally by filing motions for more time, transferring him to a different prison, revoking his parole, and requiring parole program attendance. Even accepting these statements as true, plaintiff fails to allege any actual injury.

Plaintiff's response memorandum to the present motion requests that the court consider that

document as an amended complaint to address the question, "[d]oes plaintiff fail to state a claim for which relief can be granted by failing to allege facts showing actual injury in relation to his access to the Court claim?"  Although this court has neither received nor granted any motion to amend the complaint, out of an abundance of caution, the court reviews the new allegations in the response memorandum.

Plaintiff's new allegations fail to establish actual injury.  Without legal support, plaintiff asserts that there is always injury when a person is denied access to courts.  Moreover, plaintiff alleges mental distress, emotional distress, humiliation, physical abuse, and financial injury—relating to court costs.  These statements fail to indicate any hindrance to plaintiff's efforts to pursue a claim.  *See Mackey v. Webb*, 83 F. App'x 309, 310 (10th Cir. 2003) ("A prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim.").  Plaintiff failed to allege an actual injury, requiring dismissal of his access to the court claim.

Plaintiff's surreply also attempts to provide more details regarding his alleged denial of access to courts.  Plaintiff claims that he "does not have enough time to disclose all of the 50 or more [crucial] times" when defendants denied him court access.  Instead, plaintiff details his state habeas action in 1999.  As mentioned, plaintiff has already submitted over one hundred pages of evidence.  The most recent of these documents is dated 2002, more than two years before plaintiff filed this action.  Even if the court were to consider these allegations as part of a request to amend the complaint, they could not revive plaintiff's access to the courts claim.  *See Queen v. Feden*, No. 04-2607-JWL, 2005 WL 1941693, at *6 (D. Kan. Aug. 12, 2005) (stating that the statute of limitations for § 1983 claims is two years).

Because the court finds that dismissal is appropriate for each of plaintiff's claims, it does not

address defendants' remaining arguments.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 16) is granted.

Dated this 10th day of January 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**